IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR283 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| TORIANO A. LEAKS, JR., | ) | <u>UNITED STATES' TRIAL BRIEF</u> |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justine E. Herdman, United States Attorney, and Scott C. Zarzycki, Assistant United States Attorney, respectfully submits the following trial brief in accordance with this Court's Trial Order.

**I.  <u>CONTROLLING LAW</u>**

The Indictment charges Defendant Toriano A. Leaks, Jr., with two counts of possession of a machinegun. The relevant statute for both of these offenses is Title 18, United States Code, Section 922(o), which provides:

> …[I]t shall be unlawful for any person to transfer or possess a machinegun.

A machinegun is defined in Title 26, United States Code, Section 5845(b) as:

> [A]ny weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.
>
> The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

To sustain its burden of proof for count 1, the United States must prove all of the following elements beyond a reasonable doubt:

> First: That the defendant possessed a machinegun; and
>
> Second: That the defendant, knew it was a machinegun or was aware of the firearm's essential characteristics that make it a machinegun.[1]

Pattern Crim. Jury Instr. 11th Cir. OI O34.8 (2016); Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Sections 2.09 and 2.11.

To sustain its burden of proof for count 2, the United States must prove all of the following elements beyond a reasonable doubt:

> First: That the defendant possessed a machinegun, more particularly described as a select fire auto-sear, which is a part, or combination of parts, designed and intended solely and exclusively for use in converting a weapon into a machinegun; and
>
> Second: That the defendant, knew it was a machinegun or was aware of the firearm's essential characteristics that make it a machinegun.

Pattern Crim. Jury Instr. 11th Cir. OI O34.8 (2016) (modified by agreement of the parties); Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Sections 2.09 and 2.11.

---

[1] 18 USC 922(o) does not contain a jurisdictional requirement that the machinegun be "in and affecting interstate commerce." United States v. Fisher, 149 Fed.Appx 379, 384 (6th Cir. 2005).

## II. STATEMENT OF FACTS

If this case proceeds to trial, the United States intends to offer evidence of the following:

On April 10, 2019 at approximately 10:19 pm. Bedford Police Officer Stanton initiated a traffic stop on a vehicle for displaying two different registrations on the front and back of the vehicle.

The officer made contact with the driver who claimed he had a temporary learner's permit from West Virginia and provided a false first name and date of birth. The officer was however, able to determine his true identity as Toriano A. Leaks, Jr. through BMV photos. The defendant was ultimately arrested for providing false information to a police officer and a small quantity of marijuana was located on his person.

Officer Stanton searched the vehicle, which belonged to a back seat passenger. They recovered a loaded Glock 22 handgun under the driver's seat with 21 rounds of ammunition in 3 magazines. The magazines had capacities of 15, 20, and 30 rounds. The firearm had a Glock pistol select fire switch to make the weapon fully automatic. Bedford police test fired the weapon and it functioned as a machinegun. Two separate passengers of the vehicle, wrote witness statements stating the gun belonged to the defendant.

## III. EVIDENTIARY ISSUES

The United States does not anticipate any evidentiary issues at this time other than that raised previously by defense in its Motion in Limine and addressed by the parties in their motions.

## IV. TRIAL DOCUMENTS

### A. STIPULATIONS

The United States and the Defendant have not entered into any stipulations.

### B. PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court submit to the jury its proposed instructions filed under Doc. #18.

### C. PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court direct the proposed questions filed under Doc. #19 to the jury panel during *voir dire* examination.

### D. EXHIBIT AND WITNESS LISTS

The Government's Exhibits will be marked before trial with exhibit stickers.  The United States will also exchange its proposed Exhibit List with counsel and place all exhibits sets in three-ring binders prior to trial in accordance with the Court's Order.

## V. COURTROOM PROCEDURE

### A. JENCKS MATERIAL

The United States will provide *Jencks* material to the defense in a timely manner and in accordance with this Court's Order.

### B. SEQUESTRATION OF WITNESSES & PRESENCE OF GOVERNMENT AGENT AT TRIAL

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615.  The government designates Special Agent Lucas Battani from the ATF as its representative in this case to be present at counsel table throughout the trial.  Agent Battani's presence in the courtroom during trial is essential to the presentation of the government's case.  *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

## VI. ESTIMATED LENGTH OF TRIAL

The United States anticipates completing its case-in-chief in approximately two days.

## VII. CONCLUSION

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

                                                  Respectfully submitted,

                                                  JUSTIN E. HERDMAN
                                                  United States Attorney

By:   /s/ *Scott C Zarzycki*
       Scott C. Zarzycki (OH: 0072609)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3971/(216) 622-3709
       (216) 522-8355 (facsimile)
       Scott.Zarzycki@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this August 29, 20019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                            /s/ *Scott C. Zarzycki*
                                            Scott C. Zarzycki
                                            Assistant U.S. Attorney